**Eliseo ZAMORA and Judith Zamora, Plaintiffs,**

v.

**Jack A. and Patricia A. ZUBOR and State Farm Fire and Casualty Company, Defendants.**

**No. 87–C–567.**

United States District Court, E.D. Wisconsin.

Sept. 14, 1988.

James Wood, Milwaukee, Wis., for plaintiffs.

Schulz, Schapekam & Eiche by Neal Schellinger, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiffs, parents of a three year old drowning victim, allege that the defendants' negligence was the proximate cause of their son's death. They seek to recover statutory wrongful death benefits and reimbursement for medical and funeral expenses.

The defendants have moved for summary judgment. Based on the depositions and submissions before me, I am persuaded that this matter must proceed to trial; the defendants' motion for summary judgment will be denied.

In their moving papers, the defendants first contend that undisputed facts establish that the defendants' pool was not defective, and therefore, they are entitled to judgment as a matter of law. This contention assumes that the plaintiffs are proceeding under a theory of strict product liability. My interpretation of the amended complaint and the plaintiffs' pleadings in opposition to the instant motion is that the plaintiffs have not alleged that the pool was defective. The amended complaint alleges negligence in failing to secure the entrances to the pool; whether the defendants exercised ordinary care in securing the entrances to the pool on the day in question is a question of fact properly left for the jury.

■ Defendants' second argument is that, legally, they owed no duty of care toward the three year old because his parents were on the premises and the latter were solely responsible for the child. This proposition is not supported by law.

> The duty toward all persons who come upon property with the consent of the occupier will be that of ordinary care. By such standard of ordinary care, we mean that standard that is used in all other negligence cases in Wisconsin.... Under that test, as we have repeatedly stated, negligence is to be determined by ascertaining whether the defendant's exercise of care foreseeably created an unreasonable risk to others.

*Antoniewicz v. Reczczynski,* 70 Wis.2d 836, 857 (1975). Owners of property owe a duty of ordinary care to persons on their premises regardless of age or capacity. The determination whether reasonable care has been exercised may differ in circumstances when young children or incapacitated persons are present, but a duty of care is still owed.

■ Finally, the defendants invoke the "open and obvious" exception to liability contending that they had no duty to warn the plaintiffs of the dangers associated with the pool because it is an open and obvious danger. This may be true as it relates to the parents, but the pool may not have been an open and obvious danger to a three year old child. In *Shannon v. Shannon,* No. 87–1478 (Wis.Court of Appeals July 19, 1988) the court of appeals rejected a similar contention and held that a three

year old could not know the open and obvious dangers inherent in a lake.

■ Summary judgment cannot be granted; whether the defendants exercised ordinary care in securing the entrances to the pool and whether the victim's parents were contributorily negligent are issues of fact for the jury.

Therefore IT IS ORDERED that the defendants' motion for summary judgment be and hereby is denied.